UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL VALLE,
    Petitioner,

v.

AMY MILLER, Warden,
    Respondent.

Case No. 13-cv-03918-JST (PR)

**ORDER SETTING BRIEFING SCHEDULE FOR MOTION TO DISMISS**

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the petition with leave to amend, explaining that it appeared to be untimely. Petitioner then filed an amended petition, which is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the original petition, in 1992, petitioner was convicted in Marin County Superior Court of murder during a robbery or burglary. He apparently appealed and sought collateral relief in Marin County Superior Court before filing this action. Petitioner did not identify the dates on which his appeals or state habeas petition were denied. However, according to the California Appellate Courts' on-line Register of Actions, the California Court of Appeal affirmed his conviction on December 8, 1997, and the California Supreme Court affirmed on July 31, 2000. The instant action was filed on August 23, 2013.

On November 26, 2013, the Court dismissed the petition with leave to amend, explaining that the petition appeared to be filed outside of the one-year statute of limitations on federal habeas

1  petitions filed by state prisoners. The Court directed petitioner to file an amended petition that
2  included the dates on which his appeals and state habeas petitions were denied.
3        Petitioner filed his amended petition on January 2, 2014. In the amended petition,
4  petitioner now states that he was sentenced in February 1995. Petitioner also now states that his
5  direct appeal to the California Court of Appeal and his petition for review to the California
6  Supreme Court were both denied in 1996. Finally, petitioner now states that he has filed three
7  petitions in the state superior court and one in the California Court of Appeal; however, he asks
8  for this Court's assistance in identifying the dates on which these various petitions were denied.

## DISCUSSION

10        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in
11  custody pursuant to the judgment of a State court only on the ground that he is in custody in
12  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A
13  district court considering an application for a writ of habeas corpus shall "award the writ or issue
14  an order directing the respondent to show cause why the writ should not be granted, unless it
15  appears from the application that the applicant or person detained is not entitled thereto." 28
16  U.S.C. § 2243. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, a
17  district court may also order the respondent to file another pleading where neither summary
18  dismissal nor service is appropriate.
19        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became
20  law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of
21  habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state
22  convictions or sentences must be filed within one year of the latest of the date on which: (1) the
23  judgment became final after the conclusion of direct review or the time passed for seeking direct
24  review; (2) an impediment to filing an application created by unconstitutional state action was
25  removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was
26  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and
27  made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have
28  been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during

which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).[1] The limitations period also may be equitably tolled.

Regardless of how old the challenged conviction might be, AEDPA's one-year time limit did not start earlier than April 24, 1996; that is, a prisoner with a conviction finalized before April 24, 1996, had until April 23, 1997, to file his or her habeas petition. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998).

Under both the dates petitioner specifies in his amended petition and the dates available on the California Appellate Courts' on-line Register of Actions, it still appears that the petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and Court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that respondent is of the opinion that such a motion to dismiss is unwarranted in this case.

The Court had indicated in its November 26, 2013 Order that it might summarily dismiss the petition as time-barred if petitioner did not explain the delay in getting to federal court. Although petitioner in his amended petition did not explain the delay, it appears necessary that the matter be briefed for the Court to decide whether the petition is time-barred because, as noted, petitioner states in his amended petition that he has filed a state habeas petition in the California Court of Appeal and three state habeas petitions in the state superior court. Although the

---

[1] As noted, petitioner does not provide exact dates which would allow the Court to determine the amount of time his state appeals and habeas petition were pending, time which would be excluded in calculating the running of the statute of limitations.

3

California Appellate Courts' on-line Register of Actions shows no habeas action brought by petitioner in the California Court of Appeal, the superior court docket sheets are not posted on the website. Consequently, the Court is unable to determine when petitioner's state petitions, if any, were pending.

## CONCLUSION

Good cause appearing therefor,

1. The Clerk shall serve a copy of this order, the amended petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk also shall send a copy of this order to petitioner.

2. Respondent must file and serve, within **sixty (60) days** of the issuance of this order, a motion to dismiss the petition or a notice that she is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving a copy upon respondent within **twenty-eight (28) days** of the date the motion is filed.

4. Respondent shall file with the Court and serve on petitioner a reply within **fourteen (14)** days of the date any opposition is filed

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the Court that a motion to dismiss is unwarranted or if the motion to dismiss is decided against respondent, the Court will then determine whether to require an answer to the petition.

**IT IS SO ORDERED.**

Dated: March 11, 2014

_____
JON S. TIGAR
United States District Judge

4