UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VALLE,<br><br>        Petitioner,<br><br>       v.<br><br>AMY MILLER, Warden,<br><br>        Respondent. | Case No. 13-cv-03918-JST (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 10 |

Petitioner, a pro se prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Petitioner did not file any opposition to the motion, and the time to do so has passed.

**BACKGROUND**

On February 10, 1995, in Marin County Superior Court, petitioner was sentenced to a term of 20 years followed by a term of life without the possibility of parole after he and codefendant Cruz Mendoza were convicted of murder during a robbery or burglary as well as numerous other crimes. People v. Mendoza, 69 Cal. Rptr. 2d 664 (1997).[1] The California Court of Appeal affirmed the judgment in 1997. Id. The California Supreme Court granted review and affirmed the judgment on July 31, 2000. People v. Mendoza, 23 Cal. 4th 896 (2000). Petitioner did not seek habeas relief in the state courts.[2]

---

[1] The California Court of Appeal briefly summarized the crimes as follows: "Appellants were armed resistance fighters in the El Salvador civil war, who more recently traveled around California robbing and committing other crimes against innocent strangers in churches. Their crime wave finally came to an end after they killed Pastor Elledge in his church in Novato, and they were apprehended after a high speed chase." Mendoza, 69 Cal. Rptr. 2d at 667.

[2] The California Appellate Court's on-line Register of Actions shows no habeas action brought by petitioner in the California Court of Appeal or California Supreme Court. Petitioner asserts that he sought habeas relief in Marin County Superior Court. (See Dkt. No. 6 at 4-5). However, when counsel for Respondent requested copies of any such petitions, the superior court provided two

1  Petitioner filed the instant action, seeking a writ of habeas corpus. The original petition
2  has a signature date of August 13, 2013 and was stamped "filed" at the Court on August 23, 2013.[3]
3  As a pro se prisoner, petitioner receives the benefit of the prisoner mailbox rule, which deems
4  most documents filed when the prisoner gives them to prison officials to mail to the court.
5  See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave
6  the petition to prison officials for mailing on the date he signed it, i.e., August 13, 2013, and deem
7  the federal petition filed as of that date.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

Here, the judgment became final and the limitations period began on October 30, 2000, 90 days after the California Supreme Court affirmed the judgment. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day

---

denial orders from pretrial petitions for writ of mandate/prohibition filed in 1993. (See Dkt. No. 10 at 2 & Ex. 1.)

[3] On November 26, 2013, the Court dismissed the original petition with leave to amend, and directed petitioner to file an amended petition specifying the dates on which his state direct appeals and state habeas petitions, if any, were denied.

period defined by Supreme Court Rule 13 expires). The presumptive deadline for petitioner to file his federal petition was October 29, 2001. He missed that deadline by more than eleven years, so unless he qualifies for substantial tolling, the petition is untimely.

A.   Statutory Tolling

Petitioner does not claim he is entitled to statutory tolling. Even if petitioner had claimed such tolling, however, he would not be eligible for it. Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. § 2244(d)(2). An application for review remains "pending" in state court until it "has achieved final resolution through the State's post-conviction procedures." Carey v. Saffold, 536 U.S. 214, 220 (2002). Here, petitioner did not seek collateral review in the state courts.

Accordingly, the Court finds the petition is not rendered timely on the basis of statutory tolling.

B.   Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation and citation omitted); accord Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland, 130 S. Ct. at 2565.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation and citation omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35

(9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006)).

Petitioner does not argue he was prevented from filing his petition on time. Nor is there anything in the record to support such a finding.

In a notice filed prior to the time respondent filed her motion to dismiss, petitioner argues that he is a layperson acting pro se. (See Dkt. No. 9 at 2.) Neither petitioner's lack of legal knowledge nor his pro se status constitute the sort of extraordinary circumstance warranting equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); see also Johnson v. United States, 544 U.S. 295, 311 (2005) (noting, in context of untimely petition brought by federal prisoner under 28 U.S.C. § 2255, Supreme Court has "never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness").

Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

## CONCLUSION

For the foregoing reasons:

1. Respondent's motion to dismiss the instant petition as untimely is GRANTED.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3. The Clerk shall enter judgment and close the file.

This order terminates Docket Number 10.

**IT IS SO ORDERED.**

Dated: October 22, 2014

_____
JON S. TIGAR
United States District Judge